

# Notice of Service of Process

**DB2 / ALL**
**Transmittal Number: 23381156**
**Date Processed: 06/22/2021**

| | |
|---|---|
| **Primary Contact:** | Cornelius J Grealy Esq.<br>Louis Dreyfus Company LLC<br>40 Danbury Rd<br>Ste 3<br>Wilton, CT 06897-4441 |
| **Electronic copy provided to:** | Marlene Kearns<br>Christine McCloud<br>Elizabeth Listner<br>LD Distribution |
| **Entity:** | Louis Dreyfus Company LLC<br>Entity ID Number  2923913 |
| **Entity Served:** | Louis Dreyfus Company, LLC |
| **Title of Action:** | Jerry Neal, Jr vs. Louis Dreyfus Company, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | St. Clair County Circuit Court, IL |
| **Case/Reference No:** | 2021-L-0535 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 06/18/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Eric J Carlspm<br>618-656-0066 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | | |
|---|---|---|
| JERRY NEAL, JR., | ) | |
| | ) | No. 2021-L-0535 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Serve at:** |
| | ) | 801 Adlai Stevenson Drive |
| LOUIS DREYFUS COMPANY, LLC | ) | Springfield, IL 62703 |
| | ) | |
| Defendant. | ) | |

## SUMMONS

**TO LOUIS DREYFUS COMPANY, LLC** – You are hereby summoned and required to file a written answer in this case, or otherwise file your written entry of appearance, in the Office of the clerk of this Court (located at #10 Public Square, Belleville, IL), within 30 days after service of this Summons, exclusive of the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

TO THE OFFICER: This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after the day issued.

WITNESS: 6/14/2021

_____
CLERK OF COURT
ANDREW KATZ
DEPUTY

Attorney: Eric J. Carlson
Address: P.O. Box 527
City: Edwardsville, IL 62025
Telephone: (618) 656-0066
Attorney Number: 06228973

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

30 DAY SUMMONS

STATE OF _____ )  
                            ) SS  
COUNTY OF _____ )

Sheriff's Fees: Mileage:_____  
               Service:_____  
               Return:_____  
               TOTAL:_____

## SERVICE

I certify that I served this summons on defendant as follows:  
(Check appropriate box, and complete information below.)

☐   (a)  (Individual defendants - personal)  
           By leaving a copy and a copy of the complaint with each individual defendant personally.

☐   (b)  (Individual defendants - abode)  
           By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents and also sending a copy of the summons in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode.

☐   (c)  (Corporation defendants)  
           By leaving a copy of the complaint with the registered agent, officer or agent of each defendant corporation.

☐   (d)  (Other service)

☐   (e)  Defendant not found in my County.

Name of Defendant_____ Date of Service:_____

Name of Person  
Summons Given To_____ Time:_____

Sex:_____ Race:_____ Approximate Age:_____ Date of Mailing:_____

Place of Service:_____ Notes, Other:_____

_____ Sheriff, by:_____Deputy.

Case 3:21-cv-00820-GCS   Document 1-1   Filed 07/16/21   Page 4 of 12   Page ID #8

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
21L0535
St. Clair County
6/3/2021 4:52 PM
13562138

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

JERRY NEAL, JR.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　No. 2021-L-0535
　　　　　　　　　　　　　　　　　　)
LOUIS DREYFUS COMPANY, LLC　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　)

**COMPLAINT**

**COUNT 1 (Retaliatory Discharge)**

COMES NOW Plaintiff, Jerry Neal Jr., by and through his undersigned attorneys, and for Count 1 of his cause of action against Defendant, Louis Dreyfus Company Services, LLC, states as follows:

1.　That the Plaintiff, Jerry Neal, Jr., is a resident of St. Clair County, Illinois.

2.　That the Defendant, Louis Dreyfus Company LLC is a Delaware corporation and does business at 46 Cargill Elevator Road in Cahokia, St. Clair County, Illinois.

3.　That in August 2015, the Plaintiff, Jerry Neal, Jr., was hired and became an employee of Defendant, Louis Dreyfus Commodities Services LLC, which later became Louis Dreyfus Company, LLC.

4.　That on or about November 26, 2016, the Plaintiff, Jerry Neal Jr., was injured during the course and scope of his employment while sweeping and shoveling grain.

5.　As a result of the injury, Plaintiff, Jerry Neal, Jr., hired an attorney. On or about January 10, 2017, and March 13, 2017, respectively, Jerry Neal, Jr., through his attorney filed an Application for Adjustment of Claim to the Illinois Workers' Compensation Commission and an

Amended Application for Adjustment of Claim. The case was assigned number 17 WC 02629. Defendant hired counsel to represent it in the workers' compensation claim. Defendant was advised that Plaintiff, Jerry Neal, Jr., was represented by counsel for his injury claim on or about January 12, 2017.

6. That because of the injury, Plaintiff was provided a note from his physician on or about December 14, 2016, that stated no lifting or carrying for two weeks. Plaintiff provided the restrictions to his employer. Subsequently, on or about January 3, 2017, Plaintiff again saw his physician who provided a note that Plaintiff could return to work but with a restriction of no lifting or carrying in excess of 10 pounds. On January 23, 2017, his physician again released him to work but with the restriction of no lifting, pushing, or pulling for two weeks. On February 13, 2017, Plaintiff again saw his physician and was provided with restrictions of only light duty. Defendant did not have or did not make available employment within Plaintiff's restrictions.

7. Plaintiff saw an orthopedic surgeon on February 28, 2017, who ordered additional treatment including an epidural steroid injection and chiropractic and physical therapy services. The orthopedic surgeon also stated that Plaintiff could return to work with a 10-pound limit, no repetitive bending or lifting, alternating between sitting and standing as needed. Defendant was provided with the doctor's note on or about March 3, 2017. Plaintiff then treated with chiropractic and physical therapy. Defendant did not have or did not make employment available within Plaintiff's restrictions.

8. On May 4, 2017, Defendant, through its employee Amy Khatib, wrote to Plaintiff and advised him that his benefits with the company would end and his employment would be terminated effective June 19, 2017, unless he responded to the letter of May 4, 2017, by June 19, 2017, indicating his current medical condition, any work-related restrictions and whether he

intended to continue working or wanted to discuss possible accommodations that would allow him to return to work.

9. Plaintiff received the epidural steroid injection on May 11, 2017, and the physician provided a note that Plaintiff was to remain under the prior restrictions imposed by the orthopedic surgeon. Defendant was provided a copy of the work restrictions as of May 11, 2017, on or about May 23, 2017, by the Plaintiff individually and by his counsel's office. Defendant did not offer employment available within Plaintiff's restrictions.

10. On or about May 19, 2017, Defendant was advised by the workers' compensation insurance carrier that Plaintiff continued to treat for his injuries and that the workers' compensation insurance carrier continued to deny payment for that treatment.

11. On or about May 23, 2017, Plaintiff, through his counsel, responded to Defendant's letter of May 4, 2017. Plaintiff, through counsel, indicated that he was still off work with medical restrictions that Defendant was not able to accommodate those restrictions, and he was still under a doctor's care and treatment. Defendant was also advised that Plaintiff did not plan on abandoning job and that Plaintiff wishes to return to work once the effects of his work injury have remitted. Defendant received the May 23, 2017, letter.

12. On Thursday, June 22, 2017, Plaintiff again saw his orthopedic surgeon. At that time, the orthopedic surgeon provided a note that Plaintiff was to remain on light duty restrictions until July 2, 2017, and Plaintiff could return to full duty beginning July 3, 2017. Plaintiff provided Defendant a copy of the doctor's note on Monday, June 26, 2017.

13. That on or about June 28, 2017, Louis Dreyfus Company wrote a letter to Plaintiff advising him that his employment with Louis Dreyfus Company Services LLC was terminated effective June 19, 2017. Defendant accused Plaintiff of not responding to the letter of May 4,

2017, not providing Defendant with an update of his condition and prospective return to work date. Defendant also accused Plaintiff of violating its attendance policy and abandoning his job by failing to report to work for three consecutive days without notifying the company. These reasons, assuming such could be assumed as reasons, were pre-textual.

14. That on or about June 28, 2017, despite its knowledge of Plaintiff's exercise of his rights pursuant to the Illinois Workers' Compensation Act, Defendant, and for that reason, wrongfully discharged him from his employment in contravention of the clearly mandated public policy under that Act, 820 ILCS 305/4(h).

15. That as a direct and proximate result of the wrongful acts of the Defendant, Plaintiff:

    a. Has lost income in the past and is reasonably certain to lose income in the future; and/or

    b. Has lost benefits in the past and is reasonably certain to lose benefits in the future; and/or

    c. Has sustained injury to his reputation in the community in which he resides and works; and/or

    d. Suffered a material effect on his credit rating and other similar economic impact; and/or

    e. Has sustained mental anguish.

All to the damage of the Plaintiff, Jerry Neal, Jr., in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiff, Jerry Neal, Jr., prays judgment against the Defendant, Louis Dreyfus Company LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), costs of suit, and any other and further relief this Court deems just and appropriate.

## **COUNT 2 (Retaliatory Discharge – Willful and Wanton)**

COMES NOW Plaintiff, Jerry Neal, Jr., by and through his undersigned attorneys, and for Count 2 of his cause of action against Defendant, Louis Dreyfus Company, LLC, states as follows:

1-15. That Plaintiff, Jerry Neal, Jr., herein adopts, repeats and realleges each and every allegation of Paragraph 1-15 of Count 1, as and for Paragraphs 1-15 of Count 2.

16. That the discharge by the Defendant was wrongful, oppressive, willful, and wanton, and in retaliation for the exercise by Plaintiff of his legal rights pursuant to the Illinois Workers' Compensation Act and was in violation of 820 ILCS 305/4(h) of that act.

17. That as a direct and proximate result of the wrongful acts of the Defendant, Louis Dreyfus Company, LLC, Plaintiff:

    a. Has lost income in the past and is reasonably certain to lose income in the future; and/or

    b. Has lost benefits in the past and is reasonably certain to lose benefits in the future; and/or

    c. Has sustained injury to his reputation in the community in which he resides and works; and/or

    d. Suffered a material effect on his credit rating and similar economic impact; and/or

    e. Has sustained mental anguish.

All to the damage of the Plaintiff, Jerry Neal, Jr., in the sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiff, Jerry Neal, Jr., prays judgment against the Defendant, Louis Dreyfus Company LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), costs of suit, and any other and further relief this Court deems just and appropriate.

BYRON CARLSON PETRI & KALB, LLC

<tr></tr>

BY: /s/ Eric J. Carlson
    Eric J. Carlson, #06228973
    411 St. Louis Street
    P.O. Box 527
    Edwardsville, IL 62025
    (618) 656-0066
    (618) 655-4004 fax
    ejc@byroncarlson.com

and

EZRA & ASSOCIATES, LLC

BY: /s/ D. Jeffrey Ezra
    D. Jeffrey Ezra #06192516
    850 Vandalia, Suite 310-320
    Collinsville, IL 62234
    (618) 346-1000
    (618) 346-0650 fax
    jeff@ezralaw.com

*Attorneys for Plaintiff*

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
21L0535
St. Clair County
6/3/2021 4:52 PM
13562138

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| JERRY NEAL, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2021-L-0535 |
| LOUIS DREYFUS COMPANY, LLC | ) ) ) |
| Defendant. | ) |

**AFFIDAVIT**

STATE OF ILLINOIS      )
                       )
COUNTY OF MADISON      )

COMES NOW Eric J. Carlson, being duly sworn upon his oath, and states to the Court as follows:

1. I am the attorney of record for Plaintiff, JERRY NEAL, JR., and it is my belief that Plaintiff's damages are in excess of $50,000.00, based upon my investigation to date.

FURTHER AFFIANT SAYETH NOT.

_____
Eric J. Carlson

SUBSCRIBED AND SWORN TO before me this 3rd day of June, 2021.

OFFICIAL SEAL
C BOING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/03/24

_____
Notary Public

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
21L0535
St. Clair County
6/3/2021 4:52 PM
13562138

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| JERRY NEAL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2021-L-0535 |
| ) | |
| LOUIS DREYFUS COMPANY, LLC ) | |
| ) | |
| Defendant. ) | |

**ENTRY OF APPEARANCE**

Now comes Eric J. Carlson of the law firm of Byron Carlson Petri & Kalb, LLC and hereby enters his appearance as lead counsel on behalf of the Plaintiff, JERRY NEAL, JR.

BYRON CARLSON PETRI & KALB, LLC

BY:  /s/ Eric J. Carlson
 Eric J. Carlson, #06228973
 411 St. Louis Street
 P.O. Box 527
 Edwardsville, IL 62025
 (618) 656-0066
 (618) 655-4004 fax
 ejc@byroncarlson.com

and

 D. Jeffrey Ezra #06192516
 Ezra & Associates, LLC
 850 Vandalia, Suite 310-320
 Collinsville, IL 62234
 (618) 346-1000
 (618) 346-0650 fax
 jeff@ezralaw.com

 *Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

**JERRY NEAL**
Plaintiff/Petitioner

Vs

**LOUIS DREYFUS COMPANY LLC**
Defendant/Respondent

FILED
ST. CLAIR COUNTY
06/10/2021
*Kahalah a Clay*
CIRCUIT CLERK

Case No. 21-L-0535

To: CARLSON, ERIC J
411 ST LOUIS STREET
EDWARDSVILLE, ILLINOIS 62025

## Receipt of Payment for Fees and Costs Ordered

| | |
|---|---|
| Case: | 21-L-0535 - NEAL JR. VS LOUIS DREYFUS COMPANY LLC |
| Assessment Type: | Assessment: 825133 Ordered on Thursday June 10, 2021 for the amount of 314.00 |
| TransactionType: | Payment Applied to Assessment - SCHEDULED FEES AND COSTS |
| TransactionDate: | Thursday June 10 2021 at 11:52 am      Clerk: 40090404 |
| Applied From: | |

| Transaction Description | Ordered | Prior Payments | Current Payment | Balance Owed |
|---|---|---|---|---|
| Court Ordered Fees and Costs | 314.00 | | | |
| - Amount Paid by this Payment | | | 314.00 | |
| ** Balance Paid in Full | | | | |
| Case Fines and Costs Total: | 314.00 | | 314.00 | 0.00 |

False