UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERRY NEAL, JR.              )
                                 )
      Plaintiff,            )
                                 )     Case No. 3:21-cv-00820-GCS
v.                             )
                                 )
LOUIS DREYFUS COMPANY SERVICES   )
LLC,                       )
                                 )
      Defendant.         )

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Plaintiff, Jerry Neal, Jr., filed a retaliatory discharge claim against Defendant, Louis Dreyfus Company, LLC, in the Twentieth Judicial Circuit, St. Clair County, Illinois. (Doc. 19). Upon service, Defendant removed the action to this Court based on diversity jurisdiction.[1] *Id.* Plaintiff thereafter moved to remand based on 28 U.S.C. § 1445(c). *Id.*

This suit stems from the termination of Plaintiff's employment with Defendant on June 19, 2017. (Doc. 21). Plaintiff, having been Defendant's employee since August 2015, was injured on November 26, 2016. *Id.* During the following months, Plaintiff provided Defendant with a series of doctor's notes that imposed various work-related restrictions. *Id.* As a result, Plaintiff was placed off work during that time. *Id.* In January and March of 2017, Plaintiff filed a claim with the Illinois Worker's Compensation Commission. *Id.*

---

[1]     An Amended Complaint was filed on August 23, 2021, which replaced Defendant Louis Dreyfus Company, LLC with the current Defendant, Louis Dreyfus Company Services LLC. (Doc. 21).

On May 4, 2017, Defendant sent correspondence to Plaintiff stating that his employment would be terminated effective June 19, 2017, unless he either responded with his then current medical information and work-related restrictions or returned to work. *Id.* The parties dispute whether Plaintiff responded with the required information. (Doc. 25).

On June 28, 2017, Plaintiff received correspondence from Defendant that his employment had been terminated effective June 19, 2017, for absenteeism and failure to respond to the earlier, aforementioned correspondence. (Doc. 21). Plaintiff alleges that the reasons for termination offered by Defendant were pretextual. *Id.* Plaintiff further alleges that his discharge was wrongful, as Defendant knew that Plaintiff had exercised his rights under the Illinois Worker's Compensation Act. *Id.*

Before the Court is Plaintiff's motion to remand to the Circuit Court of the Twentieth Judicial Circuit of St. Clair County, Illinois. (Doc. 19). For the reasons delineated below, Plaintiff's motion is **DENIED**.

## ANALYSIS

The Illinois Worker's Compensation Act prohibits retaliatory conduct by employers. *See* 820 ILL. COMP. STAT. § 305/4(h). Furthermore, 28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Plaintiff argues that his retaliatory discharge claim arises under the Illinois Worker's Compensation Act. Therefore, the instant action cannot be removed to this Court.

The Seventh Circuit, however, considered and rejected the argument raised by Plaintiff in *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir. 1994). In *Spearman*, the

employer stated that the employee was discharged for absenteeism. *Id.* at 723. The employee signed an agreement providing that he would be discharged if he missed a certain number of work hours during the stated period. *Id.* Halfway through the stated period, the employer determined that the employee had missed the stated number of hours and discharged him. *Id.* Subsequently, the employee brought a retaliatory discharge claim in state court alleging that he was discharged for exercising his rights as provided by the worker's compensation laws of Illinois. *Id.* The employer then removed the case to federal district court based on diversity jurisdiction. *Id.*

Regarding the question of whether removal to the federal district court was proper, the Seventh Circuit held that the retaliatory discharge claim did not arise under the worker's compensation laws of Illinois, and therefore the case was properly removed to the federal district court. *See Spearman*, 16 F.3d at 726. The Seventh Circuit explained that retaliatory discharge claims did not fall under the scope of Section 1445(c) because that statute "[wa]s designed to prevent removals that would nullify the 'expeditious and inexpensive' procedures states had devised for workers' compensation claims," *Id.* at 724 (quoting *Lingle v. Norge Division of Magic Chef, Inc.*, 823 F.2d 1031, 1038 (7th Cir. 1987), judgment vacated and remanded on other grounds by, *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399 (1988)). The Seventh Circuit further reasoned that because Illinois views retaliatory discharge as a tort where compensatory and punitive damages are available, it does not implicate the Illinois worker's compensation regime, which "entails limited compensation without fault[.]" *Id.*  The Seventh Circuit further expounded on this view as follows:

> Our view that the tort of retaliatory discharge is not a worker's compensation law is supported by the fact that, as a matter of federal law, worker's compensation laws provide limited no-fault compensation for an injury; this limit on damages is in exchange for the elimination of general tort rules and defenses. *See Larson, Workmen's Compensation* § 1.10 (desk ed. 1986). The Illinois tort of retaliatory discharge lacks, for purposes of § 1445(c), the essential elements of a worker's compensation law.

*Id.* (quoting *Lingle*, 823 F.2d at 1039 n.9). Thus, the Seventh Circuit concluded that while the tort of retaliatory discharge is premised on public policy considerations furnished by worker's compensation law, it does not arise under that law. *Id.* at 725.

In accordance with the binding precedent of *Spearman*, this Court has consistently held that "a claim of retaliation for the exercise of rights under the [Illinois Worker's Compensation Act] does not arise under the [Illinois Worker's Compensation Act] but under general tort law." *Faarup v. W.W. Transp., Inc.*, No. 15-cv-114-JPG-SCW, 2015 WL 4465070, at *1 (S.D. Ill. July 21, 2015)(citing *Lingle*, 823 F.2d at 1038-39; *Spearman*, 16 F.3d at 723-726). *See also Good v. Maxim Healthcare Servs.*, No. 09-0146-DRH, 2009 WL 1025086, at *1-2 (S.D. Ill. April 16, 2009)(stating in response to a party urging the Court not to follow *Spearman*, that "the Court is bound by *Spearman*[.]"). This Court has likewise explained that retaliatory discharge claims "must be read as alleging wrongful discharge in violation of Illinois public policy," and thus "the statutory prohibition against removing actions arising under workmen's compensation laws does not apply." *Van Dorn v. Amedisys Ill., L.L.C.*, Civil No. 10-cv-738-WDS, 2011 WL 1465574, at *2 (S.D. Ill. April 18, 2011). As such, the prohibition set forth in Section 1445(c) does not prevent removal to this Court. *See, e.g., Van Dorn*, 2011 WL 1465574, at *2 (holding that a retaliatory discharge

claim alleging termination for filing a worker's compensation claim brought by a plaintiff seeking damages for lost wages as well as punitive damages was properly removed to federal court).

*Spearman* clearly controls the instant matter. The facts are substantially similar. Defendant provides that Plaintiff was discharged for absenteeism which was determined based on his failure to comply with Defendant's procedure for work-related injuries and subsequently missed work. (Doc. 24). Plaintiff, in response, alleges that the stated reason of absenteeism is pretextual and that he was wrongfully discharged in retaliation for exercising his rights under worker's compensation laws of Illinois. (Doc. 21). Accordingly, based on *Spearman*, Plaintiff's retaliatory discharge claim does not arise under the worker's compensation law of Illinois, and thus, removal was proper to this Court.

CONCLUSION

For the above-stated reasons, the Court **DENIES** Plaintiff's motion to remand to the Circuit Court of the Twentieth Judicial Circuit of St. Clair County, Illinois.

**IT IS SO ORDERED**.

**DATED:  October 21, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.10.21 09:05:51 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**