**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JERRY NEAL, JR., | ) | CASE NO. 3:21-cv-00820-GCS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S OPPOSITION TO** |
| | ) | **PLAINTIFF'S MOTION TO STRIKE** |
| LOUIS DREYFUS COMPANY | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Louis Dreyfus Company Services LLC ("LDC" or the "Company") submits this Opposition to Plaintiff's Motion to Strike. Plaintiff moved to strike two of the Exhibits (Exhibits 11 and 12) the Company submitted with its Reply Brief filed with the Court on April 3, 2023. Plaintiff does not move to strike the Company's Reply Brief itself, or Exhibit 13 submitted with the Company's Reply Brief, and appears not to disagree that the Company has sufficiently demonstrated exceptional circumstances under Local Rule 7.1(c) to justify a reply brief. For the reasons described below, the Company respectfully requests the Court deny Plaintiff's Motion to Strike Exhibits 11 and 12.

The Company compiled the information contained within Exhibits 11 and 12 in response to Plaintiff's untimely discovery request tendered to the Company after the Company had submitted its Motion for Summary Judgment. In his motion, Plaintiff argues that he has not had the opportunity to investigate or conduct discovery relating to this "new" evidence and accordingly, requests the Court to strike such evidence. To the contrary, the information contained within Exhibits 11 and 12 is not new information, but rather is additional information that is

completely consistent with the testimony and evidence already obtained by Plaintiff in this matter. Moreover, the information was compiled at Plaintiff's request, which was received after the Company filed its Motion for Summary Judgment and after Plaintiff had already deposed Amy Khatib, the Company's representative who has the best knowledge relating to Plaintiff's requested information.

Specifically, Plaintiff's requested information included a request for information on all employees within the five years prior to Plaintiff's termination that suffered a work-related injury and were terminated pursuant to the 26-week policy. (*See* Plaintiff's Motion to Strike Ex. 1). Plaintiff requested this information months *after* Plaintiff deposed Ms. Khatib. Indeed, Plaintiff deposed Ms. Khatib on December 2, 2022, and did not request the additional information until February 17, 2023. (*See* Plaintiff's Appendix of Evidence in Opposition to Motion for Summary Judgment Ex. 4 and Plaintiff's Motion to Strike Ex. 1). During Ms. Khatib's deposition, she testified that she is involved in the termination of employees for the Company and administers the Company's leave policy for employees on approved medical leaves of absence. (Plaintiff's Appendix of Evidence in Opposition to Motion for Summary Judgment Ex. 4, Khatib Depo. 11:8-12:2). Ms. Khatib further testified that the specific leave policy provides that if an employee is unable to return to work after 26 weeks of leave, the employee's employment is terminated. (*Id.* at 12:3-10). Ms. Khatib also clarified in her deposition that the policy applies to all employees, regardless of whether the employee's leave is the result of a work-related injury or non-occupational disability. (*Id.* at 12:7-17; 79:15-80:15). Importantly, Ms. Khatib further testified to the following:

> Q:  In the 33 years that you have been at Louis Dreyfus, has this
>       policy regarding 26 weeks been in existence?
>
> **A:    Yes.**

2

> Q:      And does this apply throughout the entire system so that if you, for example, were to get injured on the job and you could not come back within 26 weeks, you would be fired?
>
> **A:      Yes.**

(*Id.* at 14:7-15).

Moreover, in her first declaration submitted with the Company's Motion for Summary Judgment, Ms. Khatib stated that the Company's 26-week policy applies to all employees regardless of whether their leave arises from a work-related injury, has existed throughout her 33 years of employment, and has been consistently followed. (Defendant's Appendix of Evidence in Support of Motion for Summary Judgment Ex. 2, Khatib Decl. ¶ 5). This statement is consistent with Ms. Khatib's deposition testimony and Plaintiff did not object or move to strike this statement.

Exhibits 11 and 12 serve as additional evidence completely consistent with Ms. Khatib's testimony as outlined above. While Plaintiff argues he has not had the opportunity to investigate or conduct discovery relating to this information, Plaintiff has sufficiently deposed the Company's representatives, specifically including Ms. Khatib, the most knowledgeable representative relating to this information. This information is not a departure from Ms. Khatib's testimony, but rather is completely consistent with her testimony. Moreover, the information was requested by Plaintiff in an untimely manner which would not have provided Plaintiff with any opportunity for further discovery relating to the information. Indeed, when submitting the request, Plaintiff did not request any extension to the discovery deadline and only asked for a corporate designee relating to the information in the event the Company did not provide the requested information. (*See* Plaintiff's Motion to Strike Ex. 1). Accordingly, Plaintiff's Motion to Strike the Company's Exhibits 11 and 12 should be denied.

Moreover, as noted above, Plaintiff does not move to strike the Company's Reply Brief itself, or Exhibit 13 submitted with the Company's Reply Brief, and appears not to disagree that

the Company has sufficiently demonstrated exceptional circumstances under Local Rule 7.1(c) to justify a reply brief.  Regardless, the Company submits it has sufficiently demonstrated exceptional circumstances for filing its Reply Brief and submitting Exhibits 11, 12, and 13.  This additional evidence supports and furthers the Company's Motion for Summary Judgment and was compiled only after receiving Plaintiff's request for such information *after* the Company submitted its Motion for Summary Judgment and Brief.  Additionally, as explained in the Company's Reply Brief, in his Opposition to Plaintiff's Motion for Summary Judgment, Plaintiff mischaracterized the Company's designation of "corporate representative" relating to certain testimony. Accordingly, exceptional circumstances prompted the Company's Reply Brief and Exhibits submitted therewith and Plaintiff's Motion to Strike is not warranted.  As a result, the Company respectfully requests the Court deny Plaintiff's Motion to Strike.  *See Eagle Forum v. Phyllis Schlafly's Am. Eagles*, No. 3:16-CV-946, 2020 WL 374557 (S.D. Ill. Jan. 23, 2020) (finding exceptional circumstances existed for reply brief and stating motions to strike are disfavored particularly in matters "where the motion to strike does not serve a purpose in refining the issues or aiding in a more expeditious resolution of the case.").

## <u>CONCLUSION</u>

For the reasons stated above, the Company respectfully requests that the Court deny Plaintiff's Motion to Strike.

5

Dated this 28th day of April 2023.

LOUIS DREYFUS COMPANY SERVICES
LLC, Defendant

By:         /s/ Aaron A. Clark
Aaron A. Clark, #20045
Ruth A. Horvatich, #24776
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
Phone:  402-341-3070
Fax:  402-341-0216
aclark@mcgrathnorth.com
rhorvatich@mcgrathnorth.com

-and-

Gregg Kinney
Practus, LLP
P.O. Box 28929
St. Louis, MO 63132
314-753-2443
Gregg.Kinney@practus.com

ATTORNEYS FOR DEFENDANT

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 28th day of April 2023, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which provided notice to the following:

Eric J. Carlson
411 St. Louis Street
P.O. Box 527
Edwardsville, IL 62025
ejc@byroncarlson.com

Jeffrey Ezra
850 Vandalia, Suite 310-320
Collinsville, IL 62234
jeff@ezralaw.com

    /s/ Aaron A. Clark
Aaron A. Clark

6